Case 19-22899-GLT    Doc 43    Filed 06/03/20    Entered 06/03/20 14:20:00    Desc Main
Document      Page 1 of 2

FILED
6/3/20 2:02 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| In re: | : | Case No.: | 19-22899-GLT |
| | : | Chapter: | 13 |
| William E. Anderson | : | | |
| | : | | |
| | : | Date: | 6/3/2020 |
| Debtor(s). | : | Time: | 10:00 |

## PROCEEDING MEMO

**MATTER:**    #34 - Motion for Relief from Stay Filed by Wilmington Savings Fund Society
       #39 - Response filed by Debtor
       #40 - Motion to Continue Hearing-DENIED

**APPEARANCES:**
  Debtor:  Daniel R. White
  Trustee:  Owen Katz
  Wilmington:  James Warmbrodt

**NOTES:** (10:18)

Court: Parties did file a motion to continue on Monday, but I denied it because looking at the big picture - the debtor filed an amended plan on April 28 which extends the plan term to 72 months and provides for a new monthly payment. There were no plan objections.

Warmbrodt: In April, records showed post-petition payments were due from last August to now. Our records were showing a delinquency of $6,428.30. Looking at the trustee's website, there was no payment in May. The trustee's website shows principal due of $6,511. The total debt was $90,000.

White: We did file an amended plan. This was a trustee default. This is a debtor involved in the construction industry, which was reduced in the winter months and because of COVID. He has returned to work, and a payment was made at the end of May. I expect wage attachments would be possible going forward. We've taken advantage of the CARES Act to stretch the plan out. It's a young case and we have time to get the case back on track.

Court: What is the status of these additional payments?

White: I'm expecting one-half of the payment was made at the end of May, with the other half paid in June, together with the full June payment.

Katz: Our calculation is that the monthly plan payment would need to be $1,917 to complete a 72 month plan. $1,810 would work if it's a 79 month plan.

Court: Because there is no objection to the plan, I wanted to see if I could preempt the conciliation conference.

Katz: The trustee would be prepared to recommend confirmation, with some additional language in the confirmation order.

Court: Attny White, is that agreeable to you?

White: I would take the longer plan term. The debtor reflected that his income is reduced, and he doesn't anticipate going back to the higher overtime he had last year.

Court: We will add the language of 79 months at $1,810/month. Is there anything else the trustee wishes to add?

Katz: Yes, two items: 1, We would like claim 4 to govern, and all notices of payment change filed of record to be recognized; and 2, The plan proposes 100% to creditors, and by our calculation the amount of the unsecured pot needs to be increased to $2,572.99.

Court: Any objection to that, Attny White?

White: I will trust the trustee's numbers.

Court: Very well, I will confirm the plan on those terms. Returning the motion at hand the lack of any payment in May is a concern. I will continue the motion as originally requested, pending receipt of additional monthly payments.

*OUTCOME:*

1. Motion for Relief from Stay Filed by Wilmington Savings Fund Society [Dkt. No. 34] is CONTINUED to July 15, 2020 at 10:30 a.m. [Text Order to Issue]

2. Amended Chapter 13 Plan Dated April 28, 2020 is [Dkt. No. 33] CONFIRMED subject to the following: 1.  The plan payment shall be $1,810/month for a plan term of 79 months; 2. Wilmington Savings Fund Society Claim No. 4 shall govern, and all pending notices of mortgage payment change to be recognized and incorporated into the plan obligations; 3.  As a 100% plan to general unsecured creditors, the minimum available for distribution shall be $2,572.99 to mirror the allowed claims of record.  [DB to Issue]

**DATED:**  6/3/2020